**Paul R. LANGLEY, Appellant,**

v.

**NEW YORK LIFE INSURANCE CO., a
Corporation, Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1954.

Lena M. Craig & J. A. Edge, Lexington, for appellant.

Bullitt, Dawson & Tarrant, Louisville, for appellee.

CULLEN, Commissioner.

Paul R. Langley, who is the insured under a life insurance policy issued by the New York Life Insurance Company, brought action against the company seeking the cancellation of an encumbrance on the policy represented by a loan of $5,775 which the company had made to Langley's wife prior to her death. The complaint prayed that Langley be declared the owner of the policy free and clear of any encumbrance. The court entered judgment for the company, upholding the validity of the loan, and Langley has appealed.

The policy is in the amount of $10,000. It was issued in 1942 in consideration of a single premium of $6,794, which was paid by Mrs. Langley out of her own funds. Mrs. Langley was named as beneficiary. By endorsement, it was provided that Mrs. Langley should have the right, without the consent of the insured and to the exclusion of the insured, to exercise every option, enjoy every privilege and receive every benefit conferred by the policy.

In the summer of 1945, Mrs. Langley learned that she was was seriously ill with cancer and that she might soon die. At that time Mr. Langley was suffering from a mental illness and was confined in a state hospital. Mrs. Langley was desirous of retrieving for her estate the money she had invested in the insurance policy, and accordingly she made an application to receive the cash surrender value of the policy. This application was rejected by the company because it was not made within 30

days of the anniversary date of the policy. Thereafter, on November 14, 1945, on the advice of the company's local agent, Mrs. Langley made application for a maximum loan on the policy. The policy and the loan agreement were forwarded to the home office of the company, in New York, but the loan agreement was mislaid in the office and was not immediately acted upon for that reason.

When several days had elapsed without action on her loan application, Mrs. Langley became concerned, and, again with the advice of the local agent, she signed a new loan application. This was on November 28, 1945. Immediately upon this application being signed, the local agent called the division office in Louisville, requesting that the loan be approved immediately and a check be issued forthwith. The Louisville manager called the home office in New York, and was given authority to issue a check for the loan. The check was issued and mailed that day, special delivery, to the local agent in Lexington. He received the check in the evening of November 28, and called the hospital, where Mrs. Langley was confined, to give her word that the check had arrived and that he would deliver it to her in the morning. Upon his arrival at the hospital the next day, he found that Mrs. Langley had died early that morning.

The check subsequently was delivered to Mrs. Langley's executor, with the approval of the company, and was cashed by him and the proceeds were distributed as part of Mrs. Langley's estate. Some three years later the present action was brought.

Th contention of Mr. Langley is, in substance, that the loan transaction was not completed, in accordance with the regulations of the company, prior to Mrs. Langley's death, and that upon her death all of her rights under the policy ceased and reverted to him. This contention cannot be sustained, because the evidence establishes that all essentials of the loan agreement were completed before Mrs. Langley's death, and all that remained to be done was the physical placing of the check in her hands.

[1] It is well settled, with respect to *cash surrender values,* that the provisions of a life insurance policy concerning payment of the cash surrender value constitute a continuing offer by the company, and upon acceptance of the offer by the insured, in the manner provided by the policy, a complete contract exists. Northwestern Mutual Life Ins. Co. v. Joseph, 103 S.W. 317, 31 Ky.L.Rep. 714, 12 L.R.A.,N.S., 439; 29 Am.Jur., Insurance, sec. 475, p. 391; Lipman v. Equitable Life Assur. Soc., 4 Cir., 58 F.2d 15. We can see no basis for a distinction, in this regard, between a cash surrender option and a policy loan option.

Here, Mrs. Langley, prior to her death, had forwarded to the company the policy itself and an executed loan agreement. This was all that the terms of the policy required to constitute an acceptance of the policy loan option. Thus, a binding loan contract came into existence prior to Mrs. Langley's death.

The judgment is affirmed.